**Maria FIELDING, Plaintiff–Appellant,**

v.

**Jeffrey TOLLAKSEN, Myrna Cohen, Vincent M. Boyd, New York State Police Investigator, Steven Johnstone, New York State Trooper, Peter Lungen, District Attorney, Joey Drillings, Assistant District Attorney, Michael McGuire, Assistant District Attorney, Robert Zangla, Assistant District Attorney, Ivan Kalter, Fallsburg Town Court Judge, Judge Bart Rasnik, Fallsburg Town Court Judge, Judge Joel W. Welsh, Mamakating Town Court Judge, Defendants–Appellees.**

No. 06–5393–cv.

United States Court of Appeals,
Second Circuit.

Dec. 12, 2007.

Maria Fielding, pro se, S. Fallsburg, NY, for Plaintiff–Appellant.

Robert M. Spadaro, New York, NY, for Defendants Tollaksen and Cohen.

David Lawrence, New York, NY, for Defendants Boyd and Johnstone.

Cheryl McCausland, (Samuel S. Yasgur on brief) Barryville, NY, for Defendants–Appellees Lungen, Drilings, McGuire, and Zangla.

Bruce A. Torino, Mineola, NY, for Defendants Kalter and Rasnik.

Richard Stoloff, Monticello, NY, for Defendant Welsh.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK, ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Maria Fielding ("plaintiff") appeals *pro se* from an order entered by the District Court on October 25, 2006 adopting the report and recommendation of United States Magistrate Judge George A. Yanthis to dismiss plaintiff's suit and to grant defendants' motion for summary judgment. The underlying facts and procedural history are a matter of record and we recount here only those aspects that are pertinent to the disposition of issues not addressed in a separate published opinion filed simultaneously on the question of whether a district court's dismissal of an action without previously ruling on a prior objection filed pursuant to Fed.R.Civ.P. 72(a) serves as denial of the objection.

We review *de novo* a district court's orders granting summary judgment and

focus on whether the District Court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). A court should not dismiss a *pro se* complaint "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

In this case, plaintiff was unable to show a set of facts which would entitle her to relief. As a matter of law, defendants Tollaksen and Cohen ("the landlords") as private citizens are not subject to liability under § 1983 if they do not act "under color of any statute, ordinance, regulation, custom, or usage of any State." 42 U.S.C. § 1983. A private citizen will not be subject to § 1983 liability unless he has conspired with state officials to deprive a plaintiff of his constitutional rights. *See Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir.1993) ("A private individual may be subject to liability under this section if he or she willfully collaborated with an official state actor in the deprivation of the federal right."). Plaintiff does not allege any facts that, if proved, would establish collaboration between the landlords and the state actors. Accordingly, the District Court properly concluded that plaintiff failed to state a claim against the landlords.

The state actors, acting in their official capacities, are protected by various immunities, as plaintiff acknowledges. Compl. ¶ 92. The judges are immune from suit unless the alleged actions giving rise to the suit were "not taken in [a] judge's judicial capacity" or were taken "in the complete absence of all jurisdiction." *Mireles v.*

*Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Here, the alleged wrongdoing of the judges resulted from the performance of their judicial duties. The prosecutors likewise are entitled to absolute immunity for actions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Because plaintiff's claims against the prosecutors all arise from their official duties, absolute immunity applies. The police officers, in turn, are protected by qualified immunity if their actions do not violate clearly established law, or it was objectively reasonable for them to believe that their actions did not violate the law. *See, e.g., Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir.1996). Having acted on the signed complaints of the landlords, the officers had probable cause to arrest plaintiff, *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir.1995) ("An arresting officer advised of a crime by a person who claims to be a victim, and who has signed a complaint ..., has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."), and are therefore entitled to qualified immunity.

In sum, plaintiff has failed to state a claim against any of the state actors upon which relief can be granted.

## CONCLUSION

We have considered all of plaintiff's claims on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court substantially for the reasons stated by Magistrate Judge Yanthis in his Report and Recommendation of March 3, 2006, adopted by Judge Robinson on October 25, 2006.